■ RUSSELL CHARMACK, Appellant, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Respondent. [642 NYS2d 20] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about September 12, 1994, which, in an action for medical malpractice, denied plaintiff's motion to vacate the dismissal of the action pursuant to CPLR 3404 and restore it to the trial calendar, and order, same court and Justice, entered on or about December 5, 1994, which, insofar as appealable, denied plaintiff's motion to renew the order of September 12, 1994, unanimously affirmed, without costs.

The case was struck from the calendar in September 1992; the instant motion to restore was not made until June 1994. While the suspension of plaintiff's attorney from the practice of law in June 1993 plausibly explains much of the delay up to that point, plaintiff's claim that his injuries kept him confined to bed in California, hampering his efforts to obtain new New York counsel, is not sufficiently demonstrated to excuse the year-long delay that ensued. Nor is a meritorious cause of action demonstrated by an expert's affidavit that makes no reference to medical records or X-rays. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Tom, JJ.

■ VIVIAN HINES, Appellant, v BARBARA DRIFFIN et al., Respondents, et al., Defendants. [642 NYS2d 510] —Order, Supreme Court, Queens County (Alan LeVine, J.), entered March 28, 1995, which denied plaintiff's cross-motion seeking to restore the action to the trial calendar subject to the completion of outstanding discovery, or, in the alternative, to vacate the dismissal of this action pursuant to CPLR 3404 and then restore it to the trial calendar, and which denied, as academic, defendant Greenpoint Savings Bank's motion to dismiss the complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and plaintiff's cross-motion granted to the extent of restoring the matter to the trial calendar.

The record before us warrants our exercise of discretion in favor of plaintiff, a frail, elderly woman seeking by this action to avoid being displaced from her home as a result of the fraud, harassment, and dilatory tactics of the Driffin defendants, her daughter and son-in-law. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.